UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| JOHN ANDREW KISTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-604 |
| | ) | |
| v. | ) | Honorable Richard Alan Enslen |
| | ) | |
| UNKNOWN FORSHEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. In his *pro se* complaint, Plaintiff John Andrew Kister alleged that he has been denied adequate medical treatment for "genital-urinary-reproductive medical problems and lower abdominal problems" for the past four years. On November 10, 2005, the Court entered an Opinion and Judgment dismissing Plaintiff's action for failure to state a claim. This matter now is before the Court on Plaintiff's Motion to Alter or Amend Judgment pursuant to FED. R. CIV. P. 59(e) and his Motion to Amend his Motion to Alter or Amend Judgment.

As the Sixth Circuit summarized in *GenCorp, Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999), motions to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School Dist. No. 1J v.*

*ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

As an initial matter, the Court will grant Plaintiff's Motion to Amend his Motion to Alter or Amend Judgment to add an additional exhibit (Ex. No. 9). In his Motion to Alter or Amend Judgment, Plaintiff continues to argue that he is being denied adequate treatment for a serious medical condition. In concluding that Plaintiff failed to state a claim, the Court stated in part:

> A plain reading of the complaint and attachments reveals that Plaintiff has not been denied medical care. On the contrary, he was provided with extensive medical treatment and testing in response to his physical complaints. As set forth above, since 2001, Plaintiff has had 89 appointments with health care staff and dozens of tests, including a scrotal ultrasound, a gallbladder ultrasound, a CT of the abdomen and pelvis, multiple abdominal X-rays, and an IVP [Intravenous Pyelogram]. In addition, Plaintiff was prescribed 21 different medications, not including the pain medications that he also received. Plaintiff's complaint is that Defendants have been unable to diagnose a treatable physical condition and refuse to provide further specialized medical tests that Plaintiff believes will lead to a diagnosis. Plaintiff's claim is nothing more than a difference of opinion regarding medical treatment. As previously stated, such differences of opinion do not rise to the level of an Eighth Amendment violation, particularly when the prisoner has received as much medical treatment and testing as the Plaintiff in this case. Plaintiff, therefore, fails to state a claim upon which relief may be granted.

(Nov. 10, 2005 Op. 6.) The Sixth Circuit has repeatedly held that where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29,

1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997). Therefore, for the reasons stated in its Opinion, the Court does not find any error in its decision dismissing Plaintiff's Eighth Amendment claims.

Plaintiff also claims that the Court failed to rule on his three-page motion to amend and supplement his complaint and to consider the referenced amendments and supplemental factual allegations. Under Fed. R. Civ. P. 15(a), a party may amend his pleadings once as matter of course at any time before a responsive pleading is served. Accordingly, Plaintiff was free to amend his complaint without leave of the Court. In any event, none of the amendments or supplemental facts affect the Court's decision in case. Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend his Motion to Alter or Amend Judgment (Dkt. No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter or Amend Judgment (Dkt. No. 12) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
December 29, 2005  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE